DERRICK, et al. *vs.* KENNEDY.

*As to ratifications of a sale by a minor, after mature age.*

1 Where two sales of property are made by one, while a minor, and the *last* sale is ratified by him, after he comes of age ;—a subsequent ratification of the *first* sale is void.

Error to Limestone Circuit Court.

William M. Kennedy declared in trespass against John Derrick and others, for forcibly taking from the possession of the plaintiff certain slaves : and under the plea of not guilty, as verdict was entered for the plaintiff.

A bill of exceptions under which the cause was removed to this Court, disclosed many facts—many of them not material to a history of it as decided, or essential to a proper understanding of its features.

The plaintiff proved, that in the month of July, one thousand eight hundred and thirty-one, the defendant went to the house of the plaintiff, and by violence took away the slaves mentioned in the declaration : which slaves had been conveyed to him by one Albert Kennedy, in October, one thousand eight hundred and twenty-nine, by bills of sale, which were produced and read in evidence. It was also proved, that the sale had been made while the said Albert Kennedy was in his minority ; and by his mother, that he was born on the first day of October, one thousand eight hundred and nine : that in

4P      6

March, one thousand eight hundred and thirty, the said Albert Kennedy gave an order to plaintiff for the negroes, and then acknowledged that he had received full value for them,—being intended as a confirmation of the sale, which was made while a minor.

The defendant relied upon a *bill of sale*, made by Albert Kennedy to him, for the slaves in question, dated second day of December, one thousand eight hundred and twenty-nine, and which acknowledged in consideration therefor, the receipt of the sum of twelve hundred dollars.

Upon this evidence, the Court below instructed the jury, that if they believed from the evidence, that Albert Kennedy sold the slaves to the plaintiff while in the minority ; and that at such sale, possession of the slaves being in Albert, passed to the plaintiff, the bills of sale, therefor being executed at that time,—the sale and bills thereof, were only *voidable*, and might be confirmed by Albert's acknowledgment after he came of age : and that if the jury believed, the sale to the plaintiff was anterior, to that made to the defendant, and that it was so subsequently confirmed,—then the plaintiff's title would be best. To these instructions the defendant filed exceptions.

The defendant then requested the Court to charge —that if the jury believed that the bill of sale of the slaves, from Albert to defendant, was the first act of transfer of the slaves made by Albert after his maturity,—the effect thereof was to avoid any sale, or bill of sale, made by him during his minority : that all such acts and acknowledgments by said Albert, after his first act or deed after his maturity,

DERRICK, et al. *vs.* KENNEDY.

calculated to impair, defeat or deny said first act, or deed, after maturity, should be disregarded by the jury, and all evidence relating thereto, excluded.— This the Court refused,—but informed the jury, that they might believe the bill of sale to defendant, was the first act of said Albert, after his maturity, yet if the sales and deeds to the plaintiff were subsequently acknowledged by said Albert—the plaintiff having possession of said slaves under his purchase,— the same would relate back and confirm the first sale and deeds in the order of time, though when given, voidable because of said Albert's minority.

It was now here assigned in error, that the Court erred in its aforesaid opinions, as expressed in the instructions given and refused.

*McClung*, for plaintiff in error.
*S. Parsons*, contra.

HITCHCOCK, C. J.—This case comes before the Court upon a bill of exceptions, to the charge of the Court given to the jury.

We think the instructions were erroneous. When a minor makes two sales of the same piece of property, during his minority—if he ratify the younger sale first, after his attaining full age, it will defeat a subsequent ratification of the former sale. This position is too clear to require illustration.

In this case, there was competent and contradictory testimony as to the time when Albert Kennedy became of age : if, as the jury might have found, he became of age on the first of October, 1829, then his sale to Derrick, (if the jury should have believed it

*bona fide*,) they must have found for him: but, un-der the instruction of the Court, they were compell-to find for the plaintiff below.

Let the judgment be reversed, and the cause re-manded.