## F. I. Luce *v.* Frank Jestrab, Jr.

Opinion filed December 16, 1903.

### Minor's Contract—May Disaffirm by Restoring Consideration.

1. Under the statutes of this state, a minor over eighteen years of age may contract in the same manner and with the same effect as an adult, except that he may disaffirm his contract within one year after reaching his majority (except as to contracts for necessaries) by "restoring the consideration to the party from whom it was received or paying its equivalent with interest." Section 2703, Rev. Codes 1899.

### Once Affirmed, He Cannot Disaffirm—Liability Is Upon His Contract, Not Quantum Meruit.

2. The contracts of a minor over eighteen years of age are not void, but voidable merely, and are enforceable unless disaffirmed in the manner provided by statute. Such contracts are rendered entirely valid by the expiration of the period allowed for disaffirmance, or by an affirmance within such period; and when a minor has, after reaching his majority, elected to affirm the contract, he cannot thereafter disaffirm it. The minor's liability in such case is upon his contract, and not upon a *quantum meruit.*

### Retention of Consideration, and Promise to Pay After Reaching Majority, Affirm Minor's Contract.

3. In an action upon a promissory note given by a minor as the purchase price of a team of horses, in which the defense of minority was pleaded, it appeared upon the trial that the defendant retained and used the team for nine months after reaching his majority, and that on two occasions he promised to pay the note; that thereafter he refused to pay, and offered to return the horses, and demanded his note; that the team, when tendered, by his use and abuse of the same, had become practically worthless. It is *held* that the trial court did not err in refusing to direct a verdict for the defendant.

Appeal from District Court, Walsh county; *Kneeshaw, J.*

Action by F. I. Luce against Frank Jestrab, Jr. Judgment for plaintiff, and defendant appeals.

Affirmed.

*E. R. Sinkler,* for appellant.

The horses bought by the minor were not necessaries under the statute. *Norse* v. *Alexander,* 55 A. R. 189; *Decell* v. *Lowenthal,* 34 A. R. 449; *Rainwater* v. *Durham,* 10 A. D. 637; *Brave* v. *Hole,*

21 Tenn. 27; *Wornack* v. *Loas,* 11 S. W. Rep. 438; *Horstmeyer* v. *Connors,* 36 Mo. App. 115.

Minor is not bound to pay contract price, but "the reasonable value" of necessaries. Rev. Codes, section 2704.

Note given for necessaries is void. *Swasey* v. *Administrators,* 10 Johns 923; *McCrillis* v. *How,* 3 N. H. 348; *McMinn* v. *Richmond,* 6 Yerg. (Tenn.) 9; *Fenton* v. *White,* 4 N. J. L. 100; 27 Cent. Digest, section 123; *Locke* v. *Smith,* 41 N. H. 346; *Beeler* v. *Young,* 1 Bibb. 519; *Treuman* v. *Hurst,* 1 T. R. 40; *Henderson* v. *Fox,* 5 Ind. 489; *Ayers* v. *Burns,* 87 Ind. 245; *Bouchell* v. *Clary,* 3 Brev. 194 (S. C.).

Unless it is tortuously injured by the infant, the vendor must take the property when restoration is offered, as he finds it. 16 Am. & Eng. Enc. of L. (2d Ed.) 295; *White* v. *Branch,* 51 Ind. 210; *Price* v. *Furman,* 16 Am. Dec. 194. Injury by the infant of the thing purchased, unless by willful tort, constitutes no defense to his right to the money paid. *White* v. *Branch,* 51 Ind. 210; *Carpenter* v. *Carpenter,* 45 Ind. 142.

The infant must restore the consideration, whether it has depreciated or increased in value. 16 Am. & Eng. Enc. of L. (2d Ed.) 295; *White* v. *Branch,* 51 Ind. 210; *Price* v. *Furnam,* 65 Am. Dec. 194, 16 Am. & Eng. Enc. of L (2d Ed.) 290; *Carpenter* v. *Carpenter,* 45 Ind. 142; *Stock* v. *Cavanaugh,* 67 N. H. 149.

*Depuy & Depuy,* for respondent.

The reasonable time in which a minor must restore is fixed by statute at one year. Rev. Codes, 2703. At the age of eighteen years, the contracts of a minor are as binding as those of an adult, except the additional ground of rescission is given, upon restoring the consideration. Rev. Codes 2703; *Combs* v. *Hawes,* 8 Pac. Rep. 597 (Cal.); *Dickerson* v. *Cordon,* 24 N. Y. St. R. 448; *Craig* v. *Van Bebber,* 13 S. W. Rep. 906, 18 Am. St. Rep. 569, 701, note.

The minor must restore the consideration, or its equivalent with interest. The return of the broken down horses was not such restoration. *Bartholomew* v. *Finnemore,* 17 Barb. 428.

An adult, who ratifies his infant contract, cannot thereafter disaffirm, although he attempts it within the year after attaining his majority. *Craig* v. *Van Bebber, supra;* 10 Am. & Eng. Enc. of L. (1st Ed.) 644.

Ratification is a question of intent. *Craig* v. *Van Bebber, supra;* 10 Am. & Eng. Enc. of L. (1st Ed.) 646; *Lynch* v. *Johnson,* 67 N. W. Rep. 908.

Use of the property, and its retention after majority, accepting the benefits, inexcusable silence, and promises to pay after coming of age, are all held to be ratification. *Cheshire* v. *Barrett,* 17 Am. Dec. 735; *Lawson* v. *Lovejoy,* 23 Am. Dec. 526 (Me.); *Delano* v. *Blake,* 11 Wend. 85, 25 Am. Dec. 617; *Lynch* v. *Johnson,* 67 N. W. Rep. 908 (Mich.); *Philpot* v. *Sandwich Co.,* 24 N. W. Rep. 428 (Neb.); *Johnson* v. *N. W. Mut. Life Ins. Co.,* 59 N. W. Rep. 992 (Minn.); *Goodnow* v. *Empire Lbr. Co.,* 18 N. W. Rep. 283 (Minn.); *Orvis* v. *Kimball,* 3 N. H. 314; *Bester* v. *Hickney,* 41 Atl. 555 (Conn.); *Hilton* v. *Shepherd,* 42 Atl. 387 (Me.); *Barlow* v. *Robinson,* 51 N. E. Rep. 1045 (Ill.); *Ready* v. *Pinkham,* 63 N. E. Rep. 887 (Mass.); *Kincaid* v. *Kincaid,* 53 N. E. Rep. 1126 (N. Y.); *Whyte* v. *Rosencrantz,* 56 Pac. Rep. 436 (Cal.).

The infant's contract being voidable only upon failure to disaffirm by restoring the consideration or its equivalent with interest within a year after majority, or upon ratification, suit should be brought upon the original contract. *Craig* v. *Van Bebber, supra;* 10 Am. & Eng. Enc. of L. (646 n. 1; 27 Cent. Dig. c. 1158).

YOUNG, C. J. Plaintiff sues upon a promissory note for $225 executed and delivered by the defendant on April 13, 1901, and by its terms due on October 1st thereafter. The defendant, in his answer, admitted the execution of the note, but denied that he is indebted thereon, and alleged as a defense that on the date of the execution of the note he was a minor; that he did not reach his majority until May 12, 1901; that the note was given for a team of horses purchased by him from the plaintiff, and for no other consideration; that on the 4th day of February, 1902, and within one year after reaching his majority, he restored the team to the plaintiff, and rescinded the purchase, and demanded a return of his note. The case was tried to a jury, and a verdict was returned for the plaintiff for the full amount of the note, with interest. Defendant moved for a new trial, upon a statement of case, in which he specified, as grounds therefor, twenty-five alleged errors. This appeal is from the order denying the motion for new trial.

Counsel for defendant assigns in his brief, as grounds for reversal, all of the errors specified in the statement. A large number

of these are "merely assigned, and not supported in the body of the brief by reasons or authorities," as required by rule 14 of the revised rules of this court, and must therefore "be deemed to have been abandoned."

The assignment chiefly relied upon is the court's refusal to direct a verdict in defendant's favor. The motion for a directed verdict was upon the ground (1) that the plaintiff cannot recover upon the note, but must recover, if at all, only the reasonable value of the horses which constituted the consideration of the note; and (2) that the evidence showed that the defendant had rescinded and disaffirmed the contract, and restored to the plaintiff everything of value which he had received for the note. Neither of these grounds is tenable, and the motion was therefore properly denied. The conflict which exists in judicial opinion elsewhere as to the legal effect of contracts of minors, and as to the steps necessary to avoid such contracts, has been removed in this state by statute. Section 2701, Rev. Codes 1899, reads as follows: "A minor cannot give a delegation of power, nor under the age of eighteen make a contract relating to real property or any interest therein, or relating to any personal property not in his immediate possession or control." Section 2702: "A minor may make any contract other than as above specified in the same manner as an adult, subject only to his power of disaffirmance under the provisions of this chapter and subject to the provisions of the chapters on marriage and on master and servant." Section 2703: "In all cases other than those specified in sections 2704 and 2705, the contract of a minor, if made while he is under the age of eighteen, may be disaffirmed by the minor himself, either before his majority or within one year's time afterwards; or in case of his death within that period, by his heirs or personal representatives; and if the contract is made by the minor while he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received, or paying its equivalent with interest." Section 2704: "A minor cannot disaffirm a contract, otherwise valid, to pay the reasonable value of things necessary for his support or that of his family entered into by him when not under the care of a parent or guardian able to provide for him or them."

It is entirely clear, under section 2703, *supra,* that the contract of a minor who is over eighteen years of age is not void, but merely voidable—that is, it is enforceable unless disaffirmed within the

period and in the manner provided by the statute; and, further, that his liability rests upon his contract, and not upon a *quantum meruit.* The action was properly brought upon the note.

The evidence wholly fails to show a disaffirmance of the contract. On the contrary, it shows a complete ratification by the defendant after attaining his majority. It appears that when the defendant purchased the team he lacked but twenty-nine days of his majority; that he was the owner of 160 acres of land, which he was then farming, and that he also farmed 480 acres of other land, which he had rented; that after the purchase of the team he used it in plowing his land, harvesting and threshing his crop, and marketing his grain, and for general farming purposes. On two different occasions he promised the plaintiff to pay the note—once in August, and again in November. On February 4th thereafter he delivered the team at a livery barn, and served notice on plaintiff that he had disaffirmed the contract upon the ground that he was a minor when he made the purchase. There is no complaint that the team was not in good condition when purchased, or that the sale was in any respect unfair. When the defendant attempted to disaffirm his contract and return the team, one of the horses was practically worthless, and the other was worth not to exceed $30. He retained possession of the team and used it for almost nine months after reaching his majority. The worthless condition of the team was due to his use of the same, and to his abuse and neglect. Upon this state of facts, we are of opinion that the defendant's attempted disaffirmance was without legal effect. The first reason for this conclusion is that after reaching his majority he unequivocally ratified the contract. When he purchased the team he was over eighteen years of age. His contract, therefore, under the statute, was not void, but, as we have seen, was voidable at his option—that is, it was enforceable until avoided by a disaffirmance; and it could be disaffirmed only in the manner provided by the statute. He had the right of election for one year after reaching his majority to affirm or disaffirm. He elected to affirm. This is evidenced by nine months' continuous use of the property, and by his promises to pay the note. By affirming the contract after reaching his majority, he lost the right to thereafter disaffirm it. A minor, after reaching his majority, has full capacity to choose for himself, and may, within the statutory period, make his election; but he cannot affirm and thereafter disaffirm his voidable contracts.

He is bound by his ratification. Ratification, when once made, creates no new contract, but merely removes the objection to the voidable contract. It is said that "the supposed incapacity of infants to judge of the value of property, or its fitness for their use, and the danger to which they are exposed from the arts and devices of bad men, is the foundation of the rule which exempts them from liability on contracts made by them during their infancy. But when they have attained full age, and are capable of exercising a matured judgment in the review of past transactions, they may, without violation of the principle, be permitted to affirm or disaffirm their contracts. They are then supposed to be competent to determine how far these contracts have been beneficial, and how far injurious, and, having made the election to be bound or not, the law in most cases will confirm and enforce it." It is the privilege of the minor to fully disaffirm the contract, and until he does so, the other party is bound by it. When he becomes of age, he may regard it as beneficial to him, and elect to affirm it. If he does so, he is bound by his ratification. And the rule is well settled that, where a "ratification is once validly made, the contract entered into by the party while an infant is binding upon him, and cannot be recalled or disaffirmed." In this case the retention of the property and its use by the defendant, including his promises to pay the note, all occurring after he reached his majority, constituted a complete ratification of the contract. The following cases will be found to fully sustain the views above expressed: *Craig* v. *Van Bebber,* 100 Mo. 584, 13 S. W. 906, 18 Am. St. Rep. 569, 701, note; *Hastings* v. *Dollarhide,* 24 Cal. 195; *Derrick* v. *Kennedy,* 4 Port. 41; *McCarthy* v. *Nicrosi,* 72 Ala. 332, 47 Am. Rep. 418; *Little* v. *Duncan,* 64 Am. Dec. 760; *Carr* v. *Cliugh,* 26 N. H. 280, 59 Am. Dec. 345; *Cheshire* v. *Barett,* 4 McCord, 241, 17 Am. Dec. 735; *Lawson* v. *Lovejoy,* 8 Greenl. 405, 23 Am. Dec. 526; *Boody* v. *McKeeney,* 23 Me. 517; *Deason* v. *Boyd,* 1 Dana 45; *Delano* v. *Blake,* 11 Wend. 85, 25 Am. Dec. 617; *Robbins* v. *Eaton,* 10 N. H. 561; *Boyden* v. *Boyden,* 9 Metc. (Mass.) 519; *Henry* v. *Root,* 33 N. Y. 526; *Taft* v. *Sergeant,* 18 Barb. 320; *Bartholomew* v. *Finnemore,* 17 Barb. 428.

But if it were conceded that the defendant did not ratify his voidable contract, and that he still had the power to disaffirm when he attempted to do so, still we would be compelled to hold that his attempt was without legal effect. As we have seen, he could only

disaffirm "upon restoring the consideration to the party from whom it was received or paying its equivalent with interest." This he did not do. He received a team which was in good condition. When he returned it, the horses were practically worthless, and he made no offer of compensation for the difference in condition. This was not such a restoration of the consideration as is required by the statutes. See *Bartholomew* v. *Finnemore, supra.*

The statute does not extend the period of a minor's disability one year beyond majority. It is true, he is accorded one year after majority in which to disaffirm, but he is not under disability during this period. On the contrary, he is competent to judge and act for himself, and his election to affirm is just as binding upon him as in the case of any other person. The purpose of the statute is to shield minors, as such, from fraud and imposition practiced upon them during their minority. It is not its purpose to place in their hands an instrument for perpetrating fraud when they have reached their majority.

The several errors assigned upon the instructions cannot be considered, for the reason that there is no foundation for them in the record. An amended abstract filed by the respondent discloses that no exceptions to the instructions were filed within the statutory period, and that the time for filing the same was not extended. The errors assigned upon the admission of evidence, so far as they are argued, are ruled by the conclusions already announced upon the refusal of the court to direct a verdict.

Finding no error in the record, the order appealed from will be affirmed. . All concur.