GRUBA, Appellant, v. CHAPMAN et al., Respondent.

(153 N. W. 929.)

(File No. 3686.    Opinion filed August 25, 1915.)

1.  **Infants—Mortgage by, When Void, Not Voidable—Statute.**

Under Civ. Code, Sec. 15, denying to a minor the right to delegate a power, or, under the age of 18, to make a contract relating to realty or any interest therein, Sec. 16, authorizing a minor to make any other contract the same as an adult, subject to his power of disaffirmance, and Sec. 17, providing that a minor's contract made while under 18 may be disaffirmed by himself, either before majority or within one year thereafter, or by his heirs or personal representatives, and that a contract by a minor over 18 may be disaffirmed upon restoring the consideration, held, that mortgages executed by a minor before she was 18 were not merely voidable, but absolute nullities.

2.  **Quieting Title—Infant's Mortgage—Issues—Evidence—Stipulation of Infant's Land Ownership, Effect—Infancy as Personal Privilege, Not Applicable.**

In a suit by a purchaser from an infant, to quiet title, involving the validity of mortgages made by the grantor when an infant, the Supreme Court, acting upon a stipulation on appeal that the mortgagor was owner of the lot when she made the mortgages, must presume that she was the legal owner, and not the grantee in a void deed; therefore, if the mortgages were nullities, the rule that infancy is a personal privilege does not apply.

3.  **Same—Infant's Mortgages—Avoidance of Mortgages by Subsequent Grantee of Infant—Doing Equity as Pre-requisite to Relief.**

Where mortgages of her property, made by an infant under age of 18, were absolutely void, and not merely voidable, held, that a court of equity, in a suit by a grantee of the infant after she became of age, to quiet title, will require, in favor of the defendant mortgagees, that plaintiff do equity as a prerequisite to equitable relief against such mortgagees.

4.  **Appeals—Quieting Title, Involving Minor's Mortgages and Plaintiff's Rights as Subsequent Grantee of Minor—When Judgment Favoring Mortgagees Should be Vacated, With Dismissal Nisi—Costs.**

In a suit by a grantee of realty from grantor after her ma-

jority and who had, when a minor, mortgaged the realty to defendants in the suit, such mortgages having been **held, on** appeal, to have been absolutely void, the evidence not being before the Supreme Court, the trial below having been had solely upon the question whether the mortgages were or were not valid, **held,** that the judgment and order appealed from should be vacated, but with directions to trial court to dismiss the action at plaintiff's costs, unless she shall apply for leave to amend complaint by making full disclosure regarding her purchase of the property, and by offering to do what equity would require upon such disclosure; the record as it stands requiring that, in equity, plaintiff repay the principal sums for which the mortgages were given, with interest. McCoy, P. J., and Whiting, J., dissenting.

Appeal from Circuit Court, Perkins County.   Hon. CLAY CARPENTER, Judge.

Action by Eva Gruba against G. P. Chapman and others, to quiet title. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Judgment and order vacated, with directions to dismiss action unless plaintiff shall apply for leave to amend her complaint.

*Frank Gladstone,* and *L. W. Henderson,* for Appellant.
*W. F. Eddy,* and *Logan Berry,* for Respondents.

(1) Under point one of the opinion, Appellant cited:   Civ. Code, Secs. 10, 15, 16; Beach on Modern Law of Contracts, Sec. 1345; Fonda v. VanHorne, 15 Wend. (N. Y.) 631; S. D. Civil Code, Secs. 330 and 337; 26 Am. & Eng. Enc. of L., (2d Ed.) 618; State ex rel Quarries Co. v. Duis, 17 N. D. 319; Sanford v. King, 19 S. D. 334 339; Hastings v. Dolleride, 24 Cal. 195; Wambole v. Foot, 2 N. W. (Dak.) 239.

Respondents cited:   Civ. Code, Sec. 10, sub-section 2; Sec. 15, 17; Sec. 35, Cal. Civ. Code; Taylor v. Brown, 5 Dak. 345; Hastings v. Dollerhide, 24 Cal. 195; Irvine v. Irvine, 9 Wall. 617; Askey v. Williams, 75 Tex. 294, 11 S. W. 1101; 5 L. R. A. (O. S.) 176; 22 Cyc. of Law and Prac. 534 and 535, and cases cited; Bool v. Mix, (N. Y.) 17 Wend. 119, 31 Am. Dec. 285, and cases cited in note; Somes v. Brewer, (Mass.) 2 Pickering, 184, 13 Am. Dec. 409; Cummins v. Powell, 8 Tex. 80, 88; Rogers v. Hurd, (Conn.) 4 Day, 57, 4 Am. Dec. 182.

(3) Under point three of the opinion, Appellant cited:   Col-

ombo v. Wilson et al., 29 S. D. 49; Brown v. Hall, 32 S. D. 225; Reilly v. Phillips, 4 S. D. 604.

GATES, J. The defendant Annie Gruba, then a minor, now Annie Wiederholt, was the owner of a town lot in Lemmon, S. D. On January 4, 1909, she mortgaged the lot, which mortgage was assigned to defendant Papke. On May 27, 1909, she mortgaged the lot to defendant Chapman. She did not become 18 years of age until December 26, 1909. On August 15, 1912, she deeded the lot to the plaintiff, who thereupon brought this action to quiet title and determine the adverse claims to said lot.

It is conceded that Annie Gruba received the consideration for the mortgages, and that they have never been disaffirmed. The trial court held that the mortgages were voidable but not void when given, and that, because Annie Gruba did not disaffirm them within one year after she became of age, they constituted valid liens on the lot. The decision of the trial court was eminently fair and equitable, but is in direct conflict with our statutes. Sections 15, 16 and 17, Civ. Code, are as follows:

"Sec. 15. A minor cannot give a delegation of power, nor, under the age of eighteen, make a contract relating to real property, or any interest therein, or relating to any personal property not in his immediate possession or control.

"Sec. 16. A minor may make any other contract than as above specified in the same manner as an adult, subject only to his power of disaffirmance under the provisions of this title, and subject to the provisions of the titles on Marriage, and on Master and Servant.

"Sec. 17. In all cases other than those specified in sections 18 and 19, the contract of a minor, if made whilst he is under the age of eighteen, may be disaffirmed by the minor himself, either before his majority or within one year's time afterwards; or in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor whilst he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received or paying its equivalent with interest."

From 1866 to 1877 in Dakota, and from 1872 to 1874 in California, the provisions proposed by the New York Code Commission were the law in both jurisdictions, viz.:

"A minor cannot give a delegation of power."

"A minor may make a conveyance or other contract in the same manner as any other person, subject only to his power of disaffirmance under the provisions of this title, and to the provisions of the title on marriage."

"In all cases other than those specified by sections 18 and 19, the contract of a minor may, upon restoring the consideration to the party from whom it was received, be disaffirmed by the minor himself, either before his majority, or within a reasonable time afterwards, or, in case of his death within that period, by his heirs or personal representatives."

In 1874 California amended these sections to read as disclosed in Mr. Freeman's note hereinafter quoted, and in 1877 the territory of Dakota substantially adopted the amended California sections, and the same still constitute our statutory law on the subject, as first above quoted. The provisions of these sections appear to be peculiar to California and the Dakotas. Of these, Mr. Freeman, in his extensive note in 18 Am. St. Rep. 573, says on pages 580, 581:

"The Civil Code of California contains several sections on this subject, which, as amended, exhibit a minimum acquaintance with the general law and a maximum obscurity of thought. The sections certainly have not the 'pride of ancestry,' and we will venture to predict that in an intelligent community they have not the 'hope of posterity.' The principal sections are as follows:

" 'Sec. 33. A minor cannot give a delegation of power, nor, under the age of eighteen, make a contract relating to real property, or any interest therein, or relating to any personal property not in his immediate possession or control.

" 'Sec. 34. A minor may make any other contract than as above specified, in the same manner as an adult, subject only to his power of disaffirmance under the provisions of this title, and subject to the provisions of the titles on Marriage, and on Master and Servant.

" 'Sec. 35. In all cases other than those specified in sections 36 and 37 [sections concerning contracts for necessaries, and obligations entered into under the express authority or direction of statutes], the contract of a minor, if made whilst he is under the age of eighteen, may be disaffirmed by the minor himself,

either before his majority or within a reasonable time afterwards; or in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor whilst he is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received, or paying its equivalent.'

"Sections 15, 16, and 17 of the Civil Code of Dakota are the same in language as the foregoing sections of the Civil Code of California, except that instead of the words 'or within a reasonable time afterwards,' in section 35 of the California Code, section 17 of the Dakota Code reads, 'or within one year's time afterwards,' and adds to the section, 'with interest.' It should be remarked that both in California and Dakota males attain their majority at 21 years, and females at 18 years.

"The result of this halfway legislation seems to be that any appointment of an agent by a minor during his or her entire minority is absolutely void, and consequently any contract made by such agent in pursuance of his appointment is absolutely void. See Wambole v. Foote, 2 Dak. 1 [2 N. W. 239]. Furthermore, leaving out of consideration such contracts as are expressly made binding, any contract whatever made by a female minor during her whole minority, and by a male minor under the age of 18, relating to real property, is absolutely void. All purchases, sales, and leases of real property by and to such minors are consequently void. Again, any contract made by such minors, relating to any personal property not in his or her immediate possession or control, is also void. It seems that the contract of a male minor above the age of 18, relating to real property, is simply voidable; also that the contract of a female minor or of a male minor under the age of 18, relating to personal property in his immediate possession or control, is likewise only voidable; also that the contract of a male minor above the age of 18, relating to personal property, whether in his immediate possession or control or not, is voidable; also all other contracts, not relating to real or personal property, entered into by male or female minors of any age, are simply voidable. The provision concerning disaffirmance will be noticed hereafter, under the appropriate head. These distinctions made by the codifiers are perfectly senseless. It is difficult to appreciate the reason why it should be provided that if a

female minor or a male minor under the age of 18 owns personal property, she or he may make a voidable sale of it, if it be in her or his immediate possession or control, while if the property be not in such possession or control, the sale should be void; or why the purchase by such minor of personal property not in her or his immediate possession or control, or as would be usually the case, in the possession or control of the seller, should be absolutely void, while if such minor have possession of the property as a bailee for any purpose, the purchase be merely voidable."

This is a rather severe arraignment of legislative action, but we think it is justified.

[1] It seems to us there is no escape from the conclusion that a contract relating to real property, or any interest therein, made by a minor under the age of 18 is not voidable, but is an absolute nullity. Section 16, C. C., read in connection with section 15, C. C., can lead to no other result. The Territorial Supreme Court so held, in Wambole v. Foote, 2 Dak. 1, 2 N. W. 239, in respect to the prohibition against giving a delegation of power. It is true that in Taylor v. Brown, 5 Dak. 335, 40 N. W. 525, that court said:

"As a rule, and especially in this territory deeds of infants are voidable only, so that, if there is no disaffirmance by the infant after he attains his majority, his deed is valid, and title passes. Civil Code, §§ 15, 17; Hastings v. Dollarhide, 24 Cal. 195; Irvine v. Irvine, 9 Wall. 617 [19 L. Ed 800]."

That sentence, however, was purely obiter. It was used simply by way of illustration. The California case cited was one which arose prior to the adoption of the 1874 California statute; indeed prior to the 1872 California statute. The Irvine decision was made under the rules of the common law.

It is difficult to see how, under the plain language of section 15, C. C., the delegation of power by a minor can be a nullity, and a contract in relation to real property by a minor under 18 may not be. Decisions from states where the common law prevails, or from states having different statutory provisions from ours, are unavailing as authority. The law ought to be that these mortgages were merely voidable, i. e., valid, unless disaffirmed within the proper period. Note 18 Am. St. Rep. 582; 22 Cyc. 535; Peck, Dom. Rel. § 85; Schouler, Dom. Rel. §§ 416-424.

When the Legislature has spoken clearly and emphatically and has laid down an inflexible rule which renders certain contracts of a minor void, we may not substitute for the statute the well-recognized, up-to-date rule that it is only contracts that are not beneficial to the minors that are void.

[2] It is urged by respondent that, if the mortgages were entirely void, then, under the statute, the deed to her during her infancy was void, and therefore appellant never acquired any title. Be that as it may. We are not concerned with that question in this case, for the reason that the stipulated facts show that Annie Gruba was the owner of the lot at the time she gave the mortgages. We must therefore presume, for the purposes of this appeal, that she was the legal owner, and not the grantee in a void deed. It necessarily follows that, if the mortgages were nullities, the rule that infancy is a personal privilege does not apply.

[3] But, while courts may not ignore plain provisions of the statutes, courts of equity can and do require equity to be done as a prerequisite to granting equitable relief. The maxim, "He who seeks equity must do equity," is peculiarly applicable to this case. Pomeroy, Eq. Juris. §§ 386, 391, 943-946; note, 1 L. R. A. 863; Alexander v. Merrick, 121 Ill. 606, 13 N. E. 190; Hickman v. Kempner, 35 Ark. 505; Frost v. Flick, 1 Dak. 131, 46 N. W. 508; Tracy v. Wheeler, 15 N. D. 248, 107 N. W. 68, 6 L. R. A. (N. S.) 516; 16 Cyc. 140. The plaintiff—a stranger to the transaction—ought not to be allowed to reap the benefits of the mistakes of the parties thereto. To so hold might cause the laws which are designed as a protection to infants to become a means of oppression and fraud. Furthermore, the maker of the notes, not having disaffirmed them, may, in an ation thereon, be held liable therefor. If she should be compelled to pay a judgment obtained thereon she could not become subrogated to the rights of the mortgagees and enforce payment out of the property, because the mortgages are void. We would then meet the condition that a law aimed to protect a minor might result greatly to her detriment. If her grantee had purchased the lot for the full value, then such condition might not be inequitable to the mortgagor, but if her grantee had purchased for a sum representing the mere equity in the lot, then the former minor would

certainly be prejudiced. The plaintiff has made no offer of restoration to the mortgagees, nor, in any respect, offered to do equity. So far as now appears from the record, equity would require the repayment of the principal sums for which the mortgages were given, with statutory interest, but upon a new trial new circumstances may after that view.

It is the opinion of this court that the judgment and order appealed from must be vacated and set aside, but with directions to the trial court to dismiss the action at plaintiff's cost, unless she shall, within such time as the court may direct and upon such terms as the court may order, apply for leave to amend her complaint by making a full disclosure of the facts in regard to her purchase of the property, including the consideration paid, and by offering to do that which equity would require upon such disclosure. The costs upon this appeal will be taxed in favor of respondents.

A minority of this court, while agreeing with all that is said in this opinion, except as to the disposition of the case, consider that the judgment and order appealed from should be affirmed. Inasmuch as the evidence is not before us and as the trial court found no facts which show that the burden was upon appellant to prove facts entitling her to equitable relief, and as neither party nor the court tried the cause upon the theory of equity herein pointed out, we fear that injustice might be done the appellant by an affirmance. The cause was tried below solely upon the question of whether the mortgages were or were not valid. Upon that theory we have held with appellant. We think it would be inequitable to preclude her from obtaining the relief to which she may become entitled upon a showing of facts undisclosed by this record and not necessary to be disclosed under the theory upon which the case was tried.

McCOY, P. J., and WHITING, J. (dissenting). We are of the view that the judgment should be affirmed. The plaintiff has had her day in court to show equity in her favor. We apprehend that if the trial court, upon the findings of fact now before this court on appeal, had based the judgment in favor of defendants upon the conclusion of law that plaintiff had not shown equity, none of us would be in favor of reversal. Instead of basing the judgment upon the proper legal conclusion, the trial court based

the same upon an untenable ground. In Shelby v. Bowden, 16 S. D. 531, 94 N. W. 416, this court held that a judgment should be affirmed on appeal if supported by findings of fact to which no objections were made, regardless of the reasons assigned by the trial court for the judgment. In Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314, it was held that an order granting a new trial will not be reversed merely because the trial court assigned a wrong reason for it; it is the correctness of the order, and not the reason assigned, that is involved upon the appeal. To the same effect are the following decisions: Thompson v. Roberts, 16 S. D. 403, 92 N. W. 1079; Tobin v. McKinney, 15 S. D. 257, 88 N. W. 572, 91 Am. St. Rep. 694; Id., 14 S. D. 52, 84 N. W. 228, 91 Am. St. Rep. 688; Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151. These cases clearly illustrate the principle that the court should, on appeal, render the proper judgment required by the facts found, regardless of the conclusions of law or reasons given by the trial court for its action. It is the correctness of the judgment, based on the whole record, that is involved upon appeal, and not the correctness of the reason assigned by the trial court for rendering such judgment.