Shane MORAN, Plaintiff and Appellee,

v.

**WILLISTON COOPERATIVE CREDIT UNION, Defendant and Appellant.**

Civ. No. 870289.

Supreme Court of North Dakota.

March 7, 1988.

Nelson and Hickman, Williston, for defendant and appellant; argued by David W. Nelson.

Anseth & Zander, Williston, for plaintiff and appellee; argued by Janet Holter Zander.

ERICKSTAD, Chief Justice.

Williston Cooperative Credit Union (Credit Union) appeals from a district court judgment dismissing its counterclaim against Shane Moran. The district court ruled that two promissory notes made by Shane Moran at the age of seventeen were void, not voidable, and therefore Credit Union could not collect the debt represented by the two promissory notes from Shane. We affirm.

This dispute began when Shane Moran sold one bull and received a check made payable to him and Credit Union. Credit Union refused to endorse the check and Moran commenced an action in which he asserted Credit Union wrongfully refused

to endorse the check.[1] Credit Union filed a counterclaim alleging that Moran defaulted on two promissory notes made in March of 1980.

A two and one-half hour bench trial produced the following facts regarding Moran's execution of the two 1980 promissory notes. Shane's father, Walt Moran, began doing business with Credit Union "approximately" in 1965. Walt Moran had a checking and savings account at Credit Union, but most of his business dealings with Credit Union involved loans for the purchase of feeder cattle.

In 1980 Walt Moran became convinced that he needed to buy and raise more cattle to pay off his existing loans to Credit Union. He decided to purchase some steers and lease the steers out as rodeo livestock. Walt Moran testified that Credit Union's loan officer told him that Credit Union's lending committee would not extend additional credit to him. He further testified that the loan officer suggested a plan whereby he could receive additional credit. The plan required Shane, then seventeen years of age, to become the maker of two promissory notes and for Walt to sign the notes as a co-maker.[2]

Walt testified that Shane was sitting in Walt's pickup outside Credit Union's building when the loan officer and Walt discussed the plan. Shane was later brought into the building and instructed to sign several documents by the loan officer. Shane admits he signed the loan application, promissory notes, and checks issued to him. Both Walt and Shane testified that the notes and loan applications were completed by one of Credit Union's employees.

Walt further testified that the checks issued to Shane never left the loan officer's office, that Shane endorsed the checks, that the loan officer deposited the checks in Walt's checking account, and that Walt used the money to purchase rodeo livestock. Shane lived and worked on the farm, but the cattle were bought and sold by Walt. Shane was not authorized to draw checks on Walt's checking account. However, Shane took the accrued interest on the notes as a deduction in his 1982 personal income tax return.

The trial court described the transaction as a "shenanigan" and concluded that "this was an arrangement that [the loan officer] figured out to accommodate Walt and they used Shane to accomplish their mission...." In its findings of fact the trial court further declared that Shane did not have possession or control of the money that was loaned or the cattle which were purchased by Walt with the money. In its conclusions of law the trial court ruled that the two promissory notes "are void contracts pursuant to Section 14–10–09 of the NDCC and are not merely voidable in that they were executed by [Shane] when he was under the age of eighteen (18) years and related to personal property not in [Shane's] immediate possession or control."

The parties disagree about the interpretation of section 14–10–09, N.D.C.C., which reads:

"*14–10–09. Minor's disability to delegate power and to contract relating to real property.* A minor cannot give a delegation of power. A person under the age of eighteen may not make a contract relating to real property or any interest therein, *nor relating to any personal property not in his immediate possession or control.*" [Emphasis added.]

Credit Union contends that the promissory notes were voidable, not void, and that the notes are now valid as Shane failed to disaffirm the notes within the one-year period provided in section 14–10–11, N.D.C.C. Credit Union argues Shane Moran has unduly "isolated" section 14–10–09 from other sections of the North Dakota Century Code, and that section 14–10–09 must be interpreted with section 14–10–11 and the

---

1. Credit Union admitted liability on Shane's complaint during trial.

2. The two promissory notes were executed approximately two weeks apart in March of 1980. The first note was for $1,950.00 and the second note was for $11,500.00. The first note was allegedly used to refinance part of another loan to Shane. The trial court in essence found that both notes were executed for Walt's benefit, not for Shane's.

general rule that contracts of a minor are voidable, not void. Section 14–10–11 reads:

"14–10–11. Minor's contracts—Disaffirmation. In all cases other than those specified in sections 14–10–12 and 14–10–13, the contract of a minor may be disaffirmed by the minor himself, either before his majority or within one year's time afterwards, or in case of his death within that period, by his heirs or personal representatives."

In support of its contention, Credit Union relies on our earlier decisions in *Campbell v. Costello*, 56 N.D. 60, 215 N.W. 913 (1927); *Casement v. Callaghan*, 35 N.D. 27, 159 N.W. 77 (1916); and *Luce v. Jestrab*, 12 N.D. 548, 97 N.W. 848 (1903). Credit Union also contends that if section 14–10–09, N.D.C.C., governs the transaction, then Shane must be deemed to have had "immediate possession or control" of the checks as he endorsed them. Thus, Credit Union argues that section 14–10–09 does not invalidate Shane's promissory notes. We are not convinced.

Credit Union relies too heavily on *Casement*, *Luce*, and *Campbell*, *supra*. In those decisions we concluded that promissory notes made by minors under the circumstances of those cases created contracts which were voidable rather than void. In all three cases, however, it was clear that each minor was entering into a legitimate contract for the minor's benefit. Moreover, in all three of those cases, the minor received possession or control of the consideration which induced the minor to make the promissory note.

In *Casement, supra,* a minor *over* the age of 18 [3] made a $400 promissory note for the acquisition of several horses. The minor received possession of the horses but failed to pay the note. Finally, the horses died while in the minor's possession.

In *Luce, supra,* the minor signed a note for a team of horses, which he used to farm 640 acres. The minor was over the age of eighteen and "[h]is contract, therefore, ... was not void, but, as we have seen, was voidable at his option...." *Luce, supra,* 97 N.W. at 849. In *Luce,* the horses were used by the minor to the extent that they were in poor condition when he attempted to return them. The minors in both *Casement* and *Luce* were over the age of eighteen and in possession of the horses. Both of these facts were relied on in *Casement* and *Luce* to reach the conclusion that the contracts were voidable rather than void.

In *Campbell, supra,* the minor was also over eighteen years old when he made a promissory note for $100. While it was unclear whether the minor directly received the money, the *Campbell* court specifically found that the evidence: "admits of no conclusion other than that the contract was [the minor's] contract, entered into upon his express request, and that Nelson and Costello were sureties only." *Campbell,* 215 N.W. at 915. These facts are much different from the facts in the instant appeal.

In the three cases discussed above, we quoted an earlier version of section 14–10–09, N.D.C.C., but did not directly harmonize that section with section 14–10–11, N.D.C.C. In *Hakes Inv. Co. v. Lyons,* 166 Cal. 557, 137 P. 911 (1913), California was presented with the problem of harmonizing two statutes nearly identical to sections 14–10–09 and 14–10–11, N.D.C.C. Sections 33 and 35 [4] of the California Civil Code, as

---

**3.** Males under twenty-one years of age were considered minors pursuant to section 4335 of the 1913 Code. Minors are now defined as "persons" under the age of eighteen pursuant to § 14–10–01, N.D.C.C.

**4.** The applicable versions of §§ 33 and 35 of the California Civil Code read:

"Sec. 33. A minor cannot give a delegation of power, nor, under the age of eighteen, make a contract relating to real property, or any interest therein, or relating to any personal property not in his immediate possession or control.

\*    \*    \*    \*    \*    \*

"Sec. 35. In all cases other than those specified in sections thirty-six and thirty-seven, the contract of a minor, if made whilst he is under the age of eighteen, may be disaffirmed by the minor himself, either before his majority or within a reasonable time afterwards; or, in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor whilst he

amended in 1874, were similar to our current sections 14–10–09 and 14–10–11, respectively. The *Hakes* court reviewed California's sections 33 and 35 and concluded:

> "It logically follows that the provisions of section 35 concerning the disaffirmance of contracts entered into by a minor whilst he is under 18 are to be understood as intended to refer solely to contracts other than those described in section 33, and that it was not the purpose thereby to make a disaffirmance necessary to avoid a contract of a minor under that age relating to real property, or to personal property not in his immediate possession or control, or delegating a power." *Hakes, supra*, 137 P. at 912–13.

Secondary sources such as American Jurisprudence and Corpus Juris Secundum recognize that there are statutory exceptions to the general rule that a minor's contracts are voidable rather than void. American Jurisprudence recognizes the general rule but also states that: "In some jurisdictions, it is provided by statute that a minor under the age of 18 years cannot make a contract relating to personal property not in his immediate possession or control; such a contract, if made, is void under the provision and requires no act of disaffirmance." 42 Am.Jur.2d *Infants* § 76. *See also*, 43 C.J.S. *Infants* § 166.

is over the age of eighteen, it may be disaffirmed in like manner upon restoring the consideration to the party from whom it was received, or paying its equivalent."

**5.** Rule 52(a), N.D.R.Civ.P., reads in pertinent part:

> "RULE 52. FINDINGS BY THE COURT
> "(a) *Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusion of law thereon and direct the entry of the appropriate judgment; and in granting or refusing temporary injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses...."

In this appeal the trial court determined the transaction was a "shenanigan" and that Shane did not have possession or control of the money that was loaned, or the cattle purchased with the money. Our review of these two factual findings is limited to the "clearly erroneous" standard of Rule 52(a)[5] of the North Dakota Rules of Civil Procedure. We are not convinced that the trial court made a mistake when it found that neither the check nor the cattle purchased with the check were in Shane's immediate possession or control. Accordingly, we conclude that the findings are not clearly erroneous. How Shane reported the interest on the promissory notes was only one factor to be considered in determining whether or not Shane had immediate possession of the loan proceeds. We are not determining the correctness of that deduction in this proceeding.

We further conclude that the trial court correctly ruled as a matter of law that the promissory notes, as applied to Shane, were void rather than voidable pursuant to section 14–10–09, N.D.C.C., because Shane was incapable of making the contract under the circumstances discussed herein. Accordingly, Shane was under no duty to disaffirm the notes within the one year period provided in section 14–10–11, N.D.C.C.[6]

**6.** Jurisdictions with statutes similar to § 14–10–09, N.D.C.C., have ruled that contracts are void, not voidable, when the contracts fall within the scope of the statute which is similar to § 14–10–09, N.D.C.C. *See, e.g., Carlile v. National Oil & Development Co.*, 83 Okl. 217, 201 P. 377 (1921) (stipulation involving minor in oil and gas lease void as minor had no capacity to appoint an agent); *Hakes Inv. Co. v. Lyons, supra* (fourteen year old minor's deed attempting to convey real property was void and required no act of disaffirmance); *Gruba v. Chapman*, 36 S.D. 119, 153 N.W. 929 (1915) (mortgage given by South Dakota minor void as it related to interest in real property in violation of § 15 of the 1903 S.D.R.Civ.C., now codified as S.D. Codified Laws Ann. § 26–2–1). California substantially modified a minor's ability to contract when it adopted "The Emancipation of Minors Act," codified at Cal.Civ.Code §§ 60–70 (Deering Supp.1982). It has not been asserted that North Dakota has enacted any statute similar to the latter California statute.

For the reasons stated herein, the judgment is affirmed.

VANDE WALLE, LEVINE,
MESCHKE and GIERKE, JJ., concur.